# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### GREAT FALLS DIVISION

_____

ZACK CAINE HERRELL,                  Cause No. CV-08-062-GF-SEH-RKS

      Plaintiff,

   vs.                                              ORDER TO SERVE COMPLAINT BY
                                                 REQUESTING WAIVER OF SERVICE
                                                 OF SUMMONS AND FINDINGS AND
THOMAS W. LYNCH, SGT.                            RECOMMENDATIONS OF MAGISTRATE JUDGE
NEWTON,
and THE GREAT FALLS POLICE
DEPARTMENT,

                                                 **(Defendants please see D.Mont. L.R. 12.2)**

     Defendants.


_____

This matter is before the Court on Plaintiff's Complaint and Amended

Complaint filed pursuant to 42 U.S.C. § 1983.  (Documents 2 and 6).

## I.  STATEMENT OF THE CASE

### A.    Jurisdiction

Plaintiff filed his Complaint and Amended Complaint pursuant to 42 U.S.C. § 1983 seeking to recover for constitutional violations based upon allegations of excessive use of force.  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1]

### B.    Parties

Plaintiff is a pro se prisoner who has been granted leave to proceed in forma pauperis.  Plaintiff is incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendants are the Thomas W. Lynch and Sgt. Newton, officers with the Great Falls Police Department and the Great Falls Police Department.

### C.    Plaintiff's Allegations

Plaintiff's alleges that on January 18, 2008 during the course of his arrest, he was subjected to excessive use of force by the arresting officers.  Specifically, he contends Officer Lynch shot him with a taser gun for no other reason than to amuse himself and Sgt. Newton who was present, "egged" Officer Lynch on and

---

Although Plaintiff states that the Court has supplemental jurisdiction over "the pendant state claim pursuant to 28 U.S.C. § 1367," he did not plead a state law claim in his Complaint or Amended Complaint.

laughed.  He also contends both officers lied about the incident to cover their

tracks and had a misdemeanor charge brought against him which was subsequently

dismissed.

Plaintiff alleges the taser caused him to suffer a seizure due to his epilepsy

and he suffered significant burn marks on his arm.  He also alleges Defendants

refused to get an ambulance.

### D.     Procedural History

Plaintiff Complaint and Motion to Proceed In Forma Pauperis were filed on

August 22, 2008.  (Document 1 and 2).  On September 25, 2008, the Court issued

an Order granting Plaintiff's motion to proceed in forma pauperis.  Since no

specific allegations were brought against the Great Falls Police Department in

Plaintiff's original Complaint, Plaintiff was permitted an opportunity to amend his

Complaint.  (Document 4).  On October 22, 2008, Plaintiff filed an Amended

Complaint wherein he alleged the Great Falls Police Department was responsible

for inadequate hiring and supervision of its officers.

## II.  ANALYSIS

### A.  Excessive Use of Force

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard.  *See* <u>Graham v. Connor</u>, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir.1994), cert. denied, 513 U.S. 1152, 115 S.Ct. 1104, 130 L.Ed.2d 1070 (1995). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."  *See* <u>Graham</u>, 490 U.S. at 396 (citations omitted).

Plaintiff alleges Defendant Lynch shot him with a taser gun for no other reason than to amuse himself and Sgt. Newton who was present, "egged" Officer Lynch on and laughed.  *See* <u>Motley v. Parks</u>, 383 F.3d 1058, 1071 (9th Cir. 2004) (individual liability may be based either on participation or failing to intervene to stop harassment).  Plaintiff alleges the taser caused him to suffer a seizure due to his epilepsy and he suffered significant burn marks on his arm.  Liberally construed, Plaintiff's allegations state a cognizable Fourth Amendment claim.

## B.  Malicious Prosecution

Plaintiff alleges Defendants Lynch and Newton lied in their reports and had him charged with a misdemeanor which was subsequently dismissed.  He also contends the officers gave two very different reports as to what happened.  Based upon these allegations, malicious prosecution is another possible constitutional claim. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("A police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports."). Generally, when a criminal complaint is filed by the prosecutor, the causal chain is presumed broken because the prosecutor has exercised his own independent judgment under the circumstances.  *Smiddy v. Varney*, 665 F.2d 261, 267 (9th Cir. 1981).  But that presumption can be overcome if the officers knowingly present false information to the prosecutor.  *Smiddy*, 665 F.2d at 266-67; *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008); *Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994).  Liberally construed, Plaintiff's allegations are sufficient to state a claim for malicious prosecution.

## C.  Inadequate Hiring and Supervision

Finally, Plaintiff contends the Great Falls Police Department is responsible for what happened to him because they hire incompetent officers and "let them run wild." (Document 6–Amended Complaint, p. 5). This does not state a § 1983 claim.  "A municipality can be liable under section 1983 only if its policy or custom caused the constitutional deprivation complained of." *Mateyko v. Felix*, 924 F.2d 824, 826 (9th Cir. 1991) (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978)); *see also Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (noting that there must be a "direct causal link" between the county policy or custom and the plaintiff's constitutional injury for the county's § 1983 liability).

A municipal entity may be liable for constitutional violations resulting from its failure to supervise, train or properly hire, but only where the inadequacy of the supervision, training, or hiring amounts to deliberate indifference.  *City of Canton, 489 U.S. at 388*; *Mackinney v. Nielsen*, 69 F.3d 1002, 1010 (9th Cir. 1995); *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989).  If the need for more or different hiring, training or supervision is "so obvious, and the inadequacy so likely to result in the violation of constitutional rights" that the  policymakers of the city can reasonably be said to have deliberately indifferent–then the failure to

train, adequately hire or supervise "may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989). "Negligent hiring or supervision is proscribed under *Monell* but such negligence, as in all *Monell* actions, must be the proximate cause of the injuries suffered." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996).

Under this standard, Plaintiff's allegations are insufficient to state a *Monell* claim. There are no factual allegations to support Mr. Herrell's conclusory allegation that the Great Falls Police Department hires incompetent officers and lets them "run wild." Pleading standards require, even for pro se litigants, "more than labels or conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-65 (2007). Mr. Herrell was given the opportunity to amend his complaint, and failed to allege any factual basis for this claim, despite instruction on the necessary pleading requirements. Therefore, this claim will be recommended for dismissal with prejudice.


## III. CONCLUSION

The Court has considered whether Plaintiff's Complaint and Amended Complaints are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Plaintiff has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). The Court concludes dismissal is not appropriate at this time. Defendants must make an appearance on Plaintiff's claims against Mr. Thomas W. Lynch and Sgt. Newton.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

Plaintiff's claim against the Great Falls Police Department for inadequate hiring and supervision should be DISMISSED with prejudice.

## ORDER

1. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendants to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days after the entry date of this Order as

reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

*See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to

"waive the right to reply to any action brought by a prisoner confined in any jail,

prison, or other correctional facility under section 1983," once the Court has

conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and §

1915A(b), and thus, has made a preliminary determination based on the face on

the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the

merits," Defendants are required to respond).

    2.  The Clerk of Court shall forward the documents listed below to:

Thomas W. Lynch                  David Gliko
Sgt. Newton                         Great Falls City Attorney
Chief of Police Cloyd Grove         P.O. Box 5021
Great Falls Police Department       Great Falls, MT  59403
112 1st Street S
Great Falls, MT  59401

      \*        Plaintiff's Complaint (Document 2);

      \*        Order of September 25, 2008 (Document 4);

      \*        Plaintiff's Amended Complaint (Document 6);

      \*        this Order,

      \*        a Notice of Lawsuit & Request to Waive Service of Summons; and

      \*        a Waiver of Service of Summons

Should counsel determine they do not represent Defendants in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail

and the name and address of the person to whom the document was sent.  The

sender must sign the certificate of service.

5.  Plaintiff <u>shall not</u> make any motion for default until at least seventy (70)

days after the date of this Order.

6.  At all times during the pendency of this action, Plaintiff SHALL

IMMEDIATELY ADVISE the Court and opposing counsel of any change of

address and its effective date.  Such notice shall be captioned "NOTICE OF

CHANGE OF ADDRESS."  The notice shall contain only information pertaining

to the change of address and its effective date, except if Plaintiff has been released

from custody, the notice should so indicate.  The notice shall not include any

motions for any other relief.  Failure to file a NOTICE OF CHANGE OF

ADDRESS may result in the dismissal of the action for failure to prosecute

pursuant to Fed.R.Civ.P. 41(b).


### NOTICE OF RIGHT TO OBJECT TO
### FINDINGS & RECOMMENDATIONS AND
### CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written

objections to these Findings and Recommendations within ten (10) business days

of the date entered as indicated on the Notice of Electronic Filing.  Any such filing

should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."

A district judge will make a de novo determination of those portions of the

Findings and Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and

Recommendations.  Failure to timely file written objections may bar a de novo

determination by the district judge and may waive the right to appeal the District

Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 24th day of June, 2009.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:

| | |
|---|---|
| Thomas W. Lynch | David Gliko |
| Sgt. Newton | Great Falls City Attorney |
| Chief of Police Cloyd Grove | P.O. Box 5021 |
| Great Falls Police Department | Great Falls, MT  59403 |
| 112 1st Street S | |
| Great Falls, MT  59401 | |

A lawsuit has been commenced by an incarcerated pro se plaintiff against the following individuals:  Thomas W. Lynch, Sgt. Newton, and the Great Falls Police Department.  Copies of the Complaint and Amended Complaint are attached to this notice.  They have been filed in the United States District Court for the District of Montana, Civil Action No. CV-08-062-GF-SEH-RKS.  The Court has completed its pre-screening and concludes Defendants must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

## WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: Herrell v. Lynch, et. al., Civil Action No. CV-08-062-GF-SEH-RKS filed in the United States District Court for the District of Montana.  Defendants have also received copies of the Complaint and Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

_____;  _____;

_____;  _____;

      The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.


      I decline to waive service on behalf of the following defendants:

_____;  _____;

_____;  _____;

_____;  _____;


_____          _____
DATE                                  SIGNATURE

                                      _____
                                      PRINTED/TYPED NAME

                                      _____

                                      _____
                                      ADDRESS